2015 IL App (1st) 142972
No. 1-14-2972
Opinion filed September 11, 2015

FIFTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| MELINDA RUCH, as the Administrator ) | Appeal from the Circuit Court |
| for the Estate of Kenneth L. Kazort, ) | of Cook County. |
| Deceased, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | No. 13 L 014527 |
| ) | |
| JOHN PADGETT and ADVANCED ) | The Honorable |
| DISPOSAL SERVICES SOLID WASTE ) | Eileen Mary Brewer, |
| MIDWEST, L.L.C., d/b/a Advanced ) | Judge, presiding. |
| Disposal, ) | |
| ) | |
| Defendants-Appellees. ) | |

JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices McBride and Palmer concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Melinda Ruch brought this lawsuit as the administrator for the estate of Kenneth L. Kazort. Ruch alleged that Kazort died as the result of a motor vehicle collision on October 24, 2013, between his vehicle and a garbage truck driven by defendant John Padgett, who was employed by defendant Advanced Disposal Services Solid Waste Midwest, L.L.C. (Advanced Disposal).

¶ 2    Defendants then moved the trial court, pursuant to the doctrine of *forum non conveniens*, to transfer the case from Cook County, which is not plaintiff's home forum, to Boone County, where the motor vehicle accident occurred. The trial court granted defendants' motion but permitted plaintiff to choose whether the case would be transferred to Boone County or Winnebago County, where a number of the witnesses live and where plaintiff both lives and works.

¶ 3    On this interlocutory appeal, plaintiff Ruch appeals the trial court's grant of defendants' *forum non conveniens* motion, and defendants ask that we affirm. For the following reasons, we cannot find that the trial court abused its discretion and thus must affirm.

¶ 4                                    BACKGROUND

¶ 5                                    I. Complaint

¶ 6            Plaintiff filed this action in Cook County on December 27, 2013, alleging negligence by both John Padgett, the driver of the garbage truck, and Advanced Disposal, his employer.

¶ 7            Plaintiff alleges that on October 24, 2013, at 11 a.m. Kenneth Kazort was traveling south on Russelville Road in Belvidere, Illinois. The parties agree that this location is in Boone County.

¶ 8            Plaintiff further alleges that, at this time, defendant Padgett was employed as a garbage truck operator by Advanced Disposal, and was operating, by himself, a large Mack, front-lift garbage truck. The truck was designed for front-fork loading and unloading of large trash receptacles. In order to drive away from a residence that he had serviced, Padgett reversed the Advanced Disposal garbage truck in a private driveway and headed in an easterly direction onto Russelville Road.

¶ 9            Plaintiff alleges that, without warning, the garbage truck crossed into Kazort's lane of travel as Kazort was heading south on Russelville Road. The back end of the garbage truck was then in the path of Kazort's vehicle. Numerous large trees, a recreational vehicle (RV), vegetation and other foliage located near the scene of the crash obscured Kazort's view of the driveway and

defendant Padgett's view of oncoming traffic. As a result of the ensuing collision, Kazort suffered severe injuries and died.

¶ 10    Defendant John Padgett declined to answer plaintiff's complaint based on the fifth amendment to the United States Constitution. U.S. Const. amend. VX.

¶ 11    Defendant Advanced Disposal admitted in its answer that Padgett is a resident of Winnebago County, that Padgett was employed by it as a garbage truck operator at the time of the accident and that he was acting in the scope of his employment. Defendant admitted upon information and belief that Kazort died as a result of the collision between the two vehicles.

¶ 12    II. *Forum Non Conveniens* Motion

¶ 13    A. Defendant's Motion

¶ 14    On May 20, 2014, defendants Advanced Disposal and Padgett moved the trial court to transfer the action from Cook County to Boone County.

¶ 15    In its motion, defendants stated that the decedent had lived in Boone County and that defendant Padgett lives in Winnebago County and was working for Advanced Disposal in Boone County on the day of the accident. In addition, representatives of the Boone County sheriff's department and coroner's office investigated the accident. The decedent's son and only beneficiary resides in Winnebago County with his mother, who is the administrator of decedent's estate. Plaintiff's lead counsel is a Missouri law firm with an office in

Chicago, and she also retained a local law firm in Sycamore, Illinois, which is in De Kalb County, a county adjacent to Boone County. Defendant included a table based on the 2012 statistics from the annual report of the Illinois courts, which showed that over 21,000 cases were filed in the law division of Cook County seeking over $50,000, while just 44 such cases were filed in Boone County.[1] Plaintiff does not dispute these facts.

¶ 16    In an interrogatory response, defendants also listed, as a potential Boone County witness, the customer whom defendant Padgett serviced prior to the accident, and who could be called to testify about the upkeep and maintenance of the property. Defendants' interrogatory response also stated that the "[b]usiness records for Boone County customers are kept in the Davis Junction, Illinois ADS facility," which is in Ogle County.

¶ 17                    B. Plaintiff's Response

¶ 18    In plaintiff's response to defendant's motion, plaintiff stated that her damages expert, Dr. Stan Smith, is from Cook County and her reconstruction expert, Dr. Mariusz Ziejewsk, is from Fargo, North Dakota. She also stated that

---

[1] As we mention *infra* ¶ 21, plaintiff argued in her response to the trial court that the time lapse between filing and verdict is more significant than the number of cases filed, and that, in 2012, the time lapse for law jury verdicts over $50,000 averaged 36.1 months in Cook County and 56 months in Boone County. However, as plaintiff later acknowledged in her brief to this court, this same time lapse in 2013 was still 36 months for Cook County but had dropped to only 22 months for Boone County.

decedent's vehicle was stored in McHenry County, while the subject truck was stored in Ogle County. While arguing that the landowner *could* alter the accident site by trimming foliage or cutting down trees, plaintiff did not allege that had actually happened.

¶ 19    Plaintiff attached an exhibit which she entitled "Table of Witnesses and Exhibits," which listed the likely witnesses and exhibits and where they were "locat[ed]." Except for plaintiff Melinda Ruch, the table lists the witness' "location" rather than his or her residence or workplace. According to plaintiff's list, there is not a single witness or piece of evidence located in Cook County, except for plaintiff's economic expert, Stan Smith. Plaintiff's list of likely witnesses and exhibits includes "police, paramedics" from Boone and Winnebago Counties, and the Boone County coroner. Since neither side has identified a witness to the accident,[2] plaintiff listed "scene witnesses' residences" as "unknown."

¶ 20    Plaintiff also submitted affidavits, which were almost identical, from nine[3] witnesses who stated that they would be willing to provide a videotaped

---

[2] Plaintiff's brief to this court states that "there are no eyewitnesses to the crash."

[3] Plaintiff's response stated that it attached affidavits from 10 witnesses, but there are only 9 affidavits attached. The tenth affidavit appears by itself, at the end of the appellate record. Similar to the other nine, the tenth affidavit states that the

deposition in Boone or adjacent McHenry and Winnebago Counties, and would be willing to appear at a trial in Cook County "if the need arose" and that appearing at a trial in Cook County "would not pose an undue hardship or inconvenience to myself or my family." The witnesses stated that their affidavits were based on the "understand[ing] that [he or she] will be reimbursed to the fullest extent permitted by law for traveling to attend a trial in Cook County." The affidavits did not state the source of the affiants' source of knowledge about the underlying facts or whether Boone County would be more convenient.

¶ 21    Plaintiff also attached statistics from the annual report of the Administrative Office of the Illinois Courts which showed that, in 2012, for law jury verdicts over $50,000, Cook County averaged 36.1 months between the date of filing and the date of verdict, while in Boone County the time lapse between filing and the date of verdict was 56 months.

¶ 22    On July 16, 2014, the trial court granted plaintiff's motion to attach the affidavit of Illinois State Trooper Marsha Banfe to plaintiff's response to defendant's motion. Plaintiff's motion stated that Banfe was "involved in the downloading of information from the decedent's car." Banfe's affidavit was worded similarly to the other witness affidavits submitted by plaintiff and it

affiant is willing to appear for a videotaped deposition in Du Page County and that it would not be an "undue" hardship for her to testify at a trial in Cook County.

7

stated that Banfe would appear for deposition in Du Page County and that a trial in Cook County "would not pose an undue hardship or inconvenience to myself or to my family."

¶ 23                                 C. Trial Court's Ruling

¶ 24          On September 2, 2014, at the hearing on the motion, defendants stated, with respect to the affidavits submitted by plaintiff, "we don't know what it is they're going to talk about," and plaintiff, who was given an opportunity to respond, did not respond to that issue.

¶ 25          The trial court gave its ruling orally from the bench, stating:

"I am granting defendant's motion to dismiss in this case. The case should be transferred to Boone County where the accident occurred and the majority of witnesses reside or to Winnebago where the beneficiary resides and also the defendant Padgett.

Plaintiff's reliance of [*sic*] Defendant Advanced Disposal is only relevant to venue. Yes, the Cook County court can assert jurisdiction. However, this case is primarily a wrongful death case for a car accident that happened in Boone County.

The alleged negligence and injury occurred in Boone. There is no reasonable connection between the accident and Cook County.

Looking at the totality of circumstances, the situation strongly merits transfer. Here, a foreign plaintiff filed in Cook, and the connection is always the accident [*sic*], are in different jurisdictions, thus the plaintiff's choice deserves little weight.

And the Court should grant a *forum non conveniens* motion where the facts indicate that the plaintiff is engaged in forum shopping.

Further, the Court rejects plaintiff's attempt to place witnesses in Cook based on an expert witness. If the Court were to consider an expert witness as a factor against transfer, such decision would cut against *forum non conveniens* precedent and use of a [Rule] 187[4] motion to deter and prevent forum shopping."

¶ 26    With respect to whether the case would be transferred to Boone or Winnebago County, the trial court ruled: "This is going to be the decision of the plaintiff on where to file."

¶ 27    On September 2, 2014, the trial court issued a written order which stated in full:

"This case coming on to be heard on the motion to dismiss and transfer pursuant to *forum non conveniens*, due notice having been given, and the court fully advised in the premises,

---

[4] Ill. S. Ct. R. 187 (eff. Jan. 4, 2013).

It is hereby ordered that this case is dismissed here in Cook County and transferred to Boone County or Winnebago County in accordance with the court's oral remarks during the hearing."

¶ 28 This court granted plaintiff's petition for leave to appeal on December 12, 2014, and this appeal followed.

¶ 29                                          ANALYSIS

¶ 30 In this interlocutory appeal, plaintiff appeals the trial court's grant of defendants' *forum non conveniens* motion to transfer the case from Cook County. After carefully reviewing all the *forum non conveniens* factors, we cannot conclude that the trial court abused its discretion by granting defendants' motion to transfer to Boone County, and plaintiff does not complain that the court gave her the additional option of choosing her home forum, Winnebago County.  For the following reasons, we affirm.

¶ 31                                  I. Interlocutory Appeal

¶ 32 Defendants moved the trial court pursuant to Illinois Supreme Court Rule 187 (eff. Jan. 4, 2013) to transfer this case from Cook County to Boone County. Rule 187(a) provides:  "A motion to dismiss or transfer the action under the doctrine of *forum non conveniens* must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer."  Ill. S. Ct. R. 187(a) (eff. Jan. 4, 2013).  If the trial court orders an "[i]ntrastate transfer of

action," the "clerk of the court from which a transfer is granted to another circuit court in this State on the ground of *forum non conveniens* shall immediately certify and transmit to the clerk of the court to which the transfer is ordered the originals of all documents filed in the case together with copies of all orders entered therein." Ill. S. Ct. R. 187(c)(1) (eff. Jan. 4, 2013). The rule further provides: "The clerk of the court to which the transfer is ordered shall file the documents and transcript transmitted to him or her and docket the case, and the action shall proceed and be determined as if it had originated in that court." Ill. S. Ct. R. 187(c)(1) (eff. Jan. 4, 2013).

¶ 33    Since this case involved an intrastate transfer, this appeal is an interlocutory appeal pursuant to Illinois Supreme Court Rule 306 (eff. July 1, 2014). Rule 306 permits a party to petition the appellate court for leave to appeal "an order of the circuit court allowing or denying a motion to dismiss on the grounds of *forum non conveniens*, or from an order of the circuit court allowing or denying a motion to transfer a case to another county within this State on such grounds." Ill. S. Ct. R. 306(a)(2) (eff. July 1, 2014). On December 12, 2014, this court granted plaintiff's petition for leave to appeal, and this appeal followed.

¶ 34    Illinois Supreme Court Rule 306(c)(1) (eff. July, 1, 2014) requires the petition to be accompanied by a supporting record, as that term is defined by

Illinois Supreme Court Rule 328 (eff. Feb. 1, 1994). Rule 328 permits a "supporting record" to be authenticated either by a certificate of the circuit court clerk or "by the affidavit of the attorney or party filing it." Ill. S. Ct. R. 328 (eff. Feb. 1, 1994). In the case at bar, the supporting record was authenticated by an attorney's affidavit. After the petition was granted, this court did not order plaintiff to file a record, as permitted by Illinois Supreme Court Rule 306(c)(6) (eff. July 1, 2014). Defendants then filed a response to the petition but chose not to file a supplementary supporting record, as permitted by Illinois Supreme Court Rule 306(c)(2) (eff. July 1, 2014). Thus, the record in this appeal consists of the supporting record filed by plaintiff.

¶ 35                                    II. Standard of Review

¶ 36        The standard of review for a *forum non conveniens* decision is abuse of discretion. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006).

¶ 37        "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst*, 219 Ill. 2d at 441 (citing *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). "This doctrine allows a trial court to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson*, 144 Ill. 2d at 310).

"*Forum non conveniens* is applicable when the choice is between interstate forums as well as when the choice is between intrastate forums," such as in the case at bar. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009).

¶ 38　　　"A trial court is afforded considerable discretion in ruling on a *forum non conveniens* motion." *Langenhorst*, 219 Ill. 2d at 441. "We will reverse the circuit court's decision only if defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003)). "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy*, 207 Ill. 2d at 177); *Glass*, 393 Ill. App. 3d at 832.

¶ 39　　　Both parties agree that we must apply an abuse-of-discretion standard of review. "The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would." *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009).

¶ 40　　　Plaintiff claims in her brief to this court that "the trial court did not engage in *any* analysis of the public and private factors" (emphasis in original)

required in a *forum non conveniens* analysis. When an appellate court reviews a trial court's *forum non conveniens* order, "[t]he issue is not the detail of the underlying order, but whether the circuit court abused its discretion." *Estate of Rath v. Abbott Laboratories, Inc.*, 2012 IL App (5th) 100096, ¶ 23. This court has previously stated that it is not "aware of any authority[] supporting the proposition that a circuit court's ruling on a *forum non conveniens* motion must be reversed solely for an inadequate record of its analysis." *Landmark American Insurance Co. v. NIP Group, Inc.*, 2011 IL App (1st) 101155, ¶ 52. As a result, we may affirm a trial court's *forum non conveniens* order on any basis found in the record. *Estate of Rath*, 2012 IL App (5th) 100096, ¶ 43 (Spomer, J., specially concurring) (agreeing with the majority that a reviewing court may affirm a *forum non conveniens* order "on any basis in the record").

¶ 41                                III. Plaintiff's Choice of Forum

¶ 42        "Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum." *Vivas*, 392 Ill. App. 3d at 657 (citing *Langenhorst*, 219 Ill. 2d at 448 (the supreme court determined the appropriate amount of deference before weighing the relevant factors)).

¶ 43        Normally, the plaintiff's choice of forum is a substantial factor in deciding a *forum non conveniens* motion. *Dawdy*, 207 Ill. 2d at 172; *Vivas*, 392 Ill. App. 3d at 657. However, where the plaintiff chooses a forum other than

where she resides, her choice is not entitled to the same weight. *Dawdy*, 207 Ill. 2d at 173-76; *Vivas*, 392 Ill. App. 3d at 657.

¶ 44    Plaintiff argues that, although she did not choose her home forum, her choice is entitled to substantial deference and she cites in support *First American Bank v. Guerine*, 198 Ill. 2d 511, 517 (2002). In *Guerine*, our supreme court explained: " 'When the home forum is chosen, it is reasonable to assume that the choice is convenient. When the plaintiff is foreign to the forum chosen, however, the assumption is much less reasonable and the plaintiff's choice deserves less deference.' " *Guerine*, 198 Ill. 2d at 517 (quoting *Wieser v. Missouri Pacific Ry. Co.*, 98 Ill. 2d 359, 367 (1983)).

¶ 45    In *Glass*, this court stated: "While the deference to be accorded a plaintiff as to his choice of forum is less when the plaintiff chooses a forum other than where he resides, ' "the deference to be accorded is only *less*, as opposed to *none*." ' " (Emphases in original.) *Glass*, 393 Ill. App. 3d at 834 (quoting *Guerine*, 198 Ill. 2d at 518, quoting *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318 (1997)).

¶ 46    Thus, plaintiff's choice of a foreign forum receives "some deference" but less deference than if she had chosen her home forum. *Vivas*, 392 Ill. App. 3d at 657-58. In addition, the trial court did permit her some choice by allowing her to select either Boone County or her home forum, Winnebago County.

¶ 47                          IV. Private Interest Factors

¶ 48        The Illinois Supreme Court has held that a court must consider both "the private and public interest factors" in deciding a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at 443; *Dawdy*, 207 Ill. 2d at 172-73; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 49        The private interest factors include:  " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516-17); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 50                          A. Convenience of Parties

¶ 51        First, the convenience of the parties does not strongly favor either county. *Langenhorst*, 219 Ill. 2d at 443.  Since defendants sought the transfer to Boone County, the convenience of defendants and the witnesses under their control "fades as an issue." *Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789, ¶ 27. In her brief to this court, plaintiff, who resides in adjacent Winnebago County, does not argue that Boone County is personally inconvenient for her. In addition, the trial court permitted her to select her home forum, if she so chooses. Instead of arguing her own inconvenience, plaintiff argues that

defendants have "significant connections to Cook County." However, one party cannot argue the other party's convenience. *Vivas*, 392 Ill. App. 3d at 658.[5] Thus, the convenience of the parties does not strongly favor either Cook County or Boone County.

¶ 52                            B. Ease of Access to Evidence

¶ 53        Second, the relative ease of access to sources of testimonial, documentary and real evidence does not indicate that the trial court abused its discretion. *Langenhorst*, 219 Ill. 2d at 443.

¶ 54                            1. Testimonial Evidence

¶ 55        The trial court did not abuse its discretion in concluding that access to testimonial evidence favored Boone County when the majority of witnesses live or work in Boone County and neighboring Winnebago, McHenry and Ogle Counties, and none of the witness affidavits submitted by plaintiff stated that Cook County would be more convenient.

¶ 56        According to plaintiff's own list of witnesses, not a single witness is "locat[ed]" in Cook County, except one of her experts. In her brief to this court, plaintiff argues that "one of Plaintiff's experts hails from Cook County and most, if not all, of Plaintiff's other experts will be from states other than

---

[5] As we discuss *supra* ¶ 19 and *infra* ¶ 56, not a single witness listed by plaintiff is "locat[ed]" in Cook County, except for plaintiff's economic expert, Stan Smith.

Illinois." Plaintiff states that "Illinois precedent *does* recognize that the fact that plaintiff's expert 'has an office in the plaintiff's chosen forum' is relevant to the determination of a *forum non conveniens* motion.' (Emphasis in original.) See *Ammerman v. Raymond*, 379 Ill. App. 3d 878, 890 (2008)." The quote, of which plaintiff provided only a portion, states: "courts 'should be cautious \*\*\* *not to give undue weight* to the fact that a plaintiff's treating physician or expert has an office in the plaintiff's chosen forum.' " (Emphasis in original.) *Ammerman*, 379 Ill. App. 3d at 890 (quoting *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987)).

¶ 57      Echoing the same concern expressed by this court in *Ammerman*, our supreme court has stated that "courts are cautious not to give undue weight to the fact that a plaintiff's expert witness maintains an office in the plaintiff's chosen forum. To do so would allow a plaintiff to easily frustrate the *forum non conveniens* principle by selecting an expert witness in what would actually be an inconvenient forum." *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 33; *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987) (listing several cases supporting this point).

¶ 58      Thus, we cannot find that the trial court abused its discretion in concluding that the ease of access to testimonial evidence favored Boone County.

¶ 59                              2. Documentary Evidence

¶ 60        Plaintiff does not dispute defendants' contention that many sources of documentary proof are located in Boone County or nearby Winnebago and Ogle Counties. For example, defendants stated in an interrogatory response that the "[b]usiness records for Boone County customers are kept in the Davis Junction, Illinois ADS facility," which is in Ogle County.

¶ 61        However, plaintiff is correct that this factor is much less significant than it used to be. As this court has previously observed, "the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of email, internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent." *Vivas*, 392 Ill. App. 3d at 659.

¶ 62        In addition, defendant Advanced Disposal, as a party, is under an obligation to produce its employees and relevant documents, whether the suit proceeds in Boone or Cook County. *Susman*, 2015 IL App (1st) 142789, ¶ 28. Supreme Court Rule 201(b)(1) provides that "a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, custodian, and location of any documents or tangible  things,

and the identity and location of persons having knowledge of relevant facts." Ill. S. Ct. R. 201 (eff. July 1, 2014). Supreme Court Rule 204 provides: "Service of notice of the taking of the deposition of a party or person who is currently an officer, director, or employee of a party is sufficient to require the appearance of the deponent and the production of any documents or tangible things listed in the notice." Ill. S. Ct. R. 204(a)(3) (eff. July 1, 2014). If a party refuses to comply with discovery rules or orders, a court in either Cook County or Boone County is fully empowered to enforce them. Ill. S. Ct. R. 219 (eff. July 1, 2002) ("Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences").

¶ 63    Thus, ease of access to documentary evidence does not strongly favor either forum.

¶ 64                          3. Real Evidence

¶ 65    In her brief to this court, plaintiff states that "the only known items of nondocumentary, tangible evidence are Decedent's vehicle, located in McHenry County, and the truck" driven by defendant Padgett. In her brief to the trial court, plaintiff stated that the truck was stored in Ogle County. Thus, the location of real evidence could favor adjacent Boone County over more distant Cook County, but the real evidence is probably not a factor. It would be a rare instance for the vehicle to be viewed by the trier of fact when photographs are

normally used for this purpose. Although our supreme court listed the location of a defendant's vehicle as a consideration in a *forum non conveniens* case, it was not a significant factor in the supreme court's analysis. *Guerine*, 198 Ill. 2d at 524-25.

¶ 66                                C. All Other Practical Problems

¶ 67         Third, consideration of " 'all other practical problems that make trial of a case easy, expeditious, and inexpensive' " also does not indicate an abuse of discretion by the trial court. *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516-17); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 68         As plaintiff correctly observes, unwilling witnesses can be compelled to testify at trial in Boone County just like they can in any other Illinois county pursuant to Illinois Supreme Court Rule 237(b) (eff. July 1, 2005) ("If the party or person [subpoenaed] is a nonresident of the county, the court may order any terms and conditions in connection with his or her appearance at the trial or other evidentiary hearing that are just, including payment of his or her reasonable expenses.").

¶ 69         Plaintiff argues that "Cook County is more convenient for purposes of flights for out-of-state corporate representatives and other witnesses." However, the only corporation in this case is defendant Advanced Disposal and,

as we observed above, defendant, as a party, must produce its employees and relevant documents, whether the suit proceeds in Boone or Cook County. *Susman*, 2015 IL App (1st) 142789, ¶ 28.  As for other witnesses, they will be coming primarily from northern Illinois and will most likely be driving rather than flying. Thus, proximity to O'Hare and Midway Airports is not as compelling a consideration as plaintiff claims.

¶ 70         Defendants are correct that viewing the accident site will be an option if the trial proceeds in Boone County.  Regarding this issue, our supreme court has stated:

> "This convenience factor is not concerned with the necessity of viewing the site of the injury, but rather is concerned with the *possibility* of viewing the site, if appropriate.  See *Gulf Oil* [*Corp. v. Gilbert*, 330 U.S. 501, 508, (1947)].  Adhering to *Gulf Oil*, this court has recognized that 'the *possibility* of having a jury view the scene of an accident is an important consideration in ruling upon a *forum non conveniens* motion.' (Emphasis added.) *Moore* [*v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 80 (1983)].  Further, the necessity or propriety of viewing the scene is a decision left within the discretion of the trial court.  See *Cook* [*v. General Electric Co.*, 146 Ill. 2d 548, 559 (1992)];

*Washington* [*v. Illinois Power Co.*, 144 Ill. 2d 395, 403 (1991)]."

(Emphasis in original and omitted). *Dawdy*, 207 Ill. 2d at 178-79.

See also *Fennell*, 2012 IL 113812, ¶ 37 ("This possibility [of viewing the premises] is an important consideration in ruling on a *forum non conveniens* motion.").

¶ 71 Thus, a consideration of all other practical problems favors Boone County.

¶ 72 In sum, consideration of the private factors does not lead us to conclude that the trial court abused its discretion, where the convenience of the parties does not strongly favor either Cook or Boone County, and the ease of access to proof and the other practical problems favor Boone County.

¶ 73 V. Public Interest Factors

¶ 74 When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17); *Gridley v. State Farm Mutual Automobile*

*Insurance Co.*, 217 Ill. 2d 158, 170 (2005); *Dawdy*, 207 Ill. 2d at 173. See also *Vivas*, 392 Ill. App. 3d at 660.

¶ 75        At the heart of this issue is an accident which occurred in Boone County. The only connection between this case and Cook County is that defendant Advanced Disposal also does business in Cook County. Thus, "the interest in deciding controversies locally" and the fairness in imposing a burden and expense on residents of a forum with a "connection to the litigation" favors Boone County. *Langenhorst*, 219 Ill. 2d at 443-44.

¶ 76        Although "[c]ourt congestion is a relatively insignificant factor," it is still a factor. *Guerine*, 198 Ill. 2d at 517. It would be hard to argue that Cook County is not congested. *Guerine*, 198 Ill. 2d at 525 (observing that "Cook County circuit court is more congested" than other Illinois county circuit courts); *Trent v. Caterpillar, Inc.*, 234 Ill. App. 3d 839, 846 (1992) ("the court dockets in Cook County are congested"). According to the 2012 case statistics from the annual report of the Illinois courts, over 21,000 cases were filed in the law division of Cook County seeking over $50,000, while just 44 such cases were filed in Boone County.

¶ 77        Although the *average* law jury verdict over $50,000 in 2012 had a shorter time lapse between filing and verdict in Cook County than in Boone County, this is the only number cited by the parties from the 2012 and 2013 annual

reports that favors Cook County. Our supreme court has repeatedly directed us to look to the annual report of the Administrative Office of the Illinois Courts when assessing court congestion for a *forum non conveniens* motion and so, as directed, we will take judicial notice of the annual reports. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 181 (2003) ("This court has found the annual report of the Administrative Office of the Illinois Courts (Annual Report) to be a proper reference in assessing court congestion [for a *forum non conveniens* motion]."); *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 403 (1991) ("This court has found the annual report of the Administrative Office of the Illinois Courts to be a proper source of reference in assessing court congestion [for a *forum non conveniens* motion]."). See also *Cook v. General Electric Co.*, 146 Ill. 2d 548, 559 (1992) (relying on the Annual Report from the Administrative Office of the Illinois Courts in order to determine relative court congestion between two counties for a *forum non conveniens* motion); Ill. R. Evid. 201(d) (eff. Jan. 1, 2011) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").

¶ 78       As plaintiff observed in its brief to this court, the 2013 annual report of the Illinois courts reveals that, while the average time lapse in Cook County remained at 36 months in 2013, the average in Boone County dropped from 56 months in 2012 to only 22 months in 2013—or 14 months less than Cook

County. When a county like Boone has so few cases, just a couple of complex cases can skew its average atypically upward in any given year. In addition, while Cook County had 438 law jury verdicts in 2013 that were over $50,000, Boone County had just one. Although the average time lapse in 2012 could favor Cook County, a review of all the public factors shows that the trial court did not abuse its discretion by finding that these factors, when considered together, favored Boone County.

¶ 79                                  CONCLUSION

¶ 80        After carefully reviewing all the *forum non conveniens* factors, we cannot conclude that the trial court abused its discretion in granting defendants' motion to transfer to Boone County, or alternatively Winnebago County, when neither the private nor public factors favor Cook County and less deference is given to plaintiff's choice of a foreign forum. In addition, consideration of (1) the witnesses, (2) the viewing of the accident site and (3) the policy to decide such controversies locally all favor Boone County. Neither plaintiff nor defendants complain that the trial court gave plaintiff the additional option of choosing her home forum of Winnebago County, so that issue is not before us. For the foregoing reasons, we affirm.

¶ 81        Affirmed.