2023 IL App (1st) 211674
No. 1-21-1674
Opinion filed March 17, 2023

SIXTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MARY ELLEN MEIER, Individually and as Independent Executor of the Estate of Edmund Meier, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-L-5020 |
| | ) | |
| PAUL D. RYAN, M.D.; BARRY J. SIDOROW, M.D.; PAUL A. FREIER, M.D.; ADVENTIST HEALTH PARNTERS, INC., d/b/a Suburban Cardiologists, d/b/a Adventist Heart And Vascular Institute, a/k/a Amita Health Medical Group Heart and Vascular; JOHN C. CONROY, D.O.; ALEXIAN BROTHERS AHS MIDWEST REGION HEALTH COMPANY, d/b/a Amita Health Medical Group; MICHAEL MILANI, D.O.; RISHA M. FOSTER, M.D.; UROPARTNERS, LLC, d/b/a Uro-Partners Lagrange Urology; MELISSA M. KELLY, D.O.; STEPHEN M. SLOAN, M.D.; ALI H. BAWAMIA, M.D.; ADVANCE INPATIENT MEDICINE, LLC; JAIME BELMARES AVALOS, M.D.; METRO INFECTIOUS DISEASE CONSULTANTS, P.I.I.C.; and ADVENTIST MIDWEST HEALTH d/b/a Adventist Hinsdale Hospital d/b/a Amita Health Adventist Medical Center Hinsdale, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | The Honorable John H. Ehrlich, Judge, presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices C.A. Walker and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1     This is a permissive interlocutory appeal with a single issue: whether the trial court abused its discretion when it granted defendants' *forum non conveniens* motion to transfer this medical malpractice case from Cook County to Du Page County, where the alleged malpractice occurred. As plaintiff acknowledges, she faces a high burden on this appeal. To obtain a reversal, she must show that no rational person could take the view taken by the trial court. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 442 (2006). For the following reasons, we cannot make such a finding and affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiff Mary Ellen Meier, the executor of the estate of the deceased, Edmund Meier (Edmund), alleges that Edmund began treatment in 2008 with defendant Adventist Health Partners and other defendants for cardiac issues. On January 7, 2018, Edmund was admitted to defendant Hinsdale Hospital and released 10 days later. On May 5, 2018, Edmund was again admitted to defendant Hinsdale Hospital and discharged two days later. On May 7, 2018, upon arriving home from the hospital, Edmund collapsed and was transported by ambulance back to Hinsdale Hospital, where he was pronounced dead. Hinsdale Hospital is located in Du Page County, where plaintiff continues to reside.

¶ 4     On May 6, 2020, plaintiff filed this suit in Cook County. On October 6, 2020, defendants filed the *forum non conveniens* motion to transfer the case to Du Page County. After both discovery and briefing, the trial court granted the motion on December 2, 2021. The trial court found that the following factors favored transfer to Du Page County:

(1) convenience of the parties, (2) the relative ease of access to evidence, (3) settling local controversies locally, and (4) the unfairness of imposing expense and burden on a county with little connection to the litigation. The trial court found that the following factors were neutral: (1) compulsory process of unwilling witnesses, (2) the cost of obtaining the attendance of willing witnesses, (3) viewing the premises, and (4) other practical considerations that make a trial expeditious. The trial court found that only one factor favored Cook County—namely, that Cook County had the ability to dispose of cases faster.

¶ 5        The trial court concluded:

> "[Plaintiff's] choice of forum is given little deference, but not no deference, because she is forum shopping. Further, a review of the relevant factors shows that four favor Du Page County, four are neutral, and only one favors Cook County. Moreover, the most significant factors—party and non-party convenience, locus of controversy, and burden shifting—each favors transfer to Du Page County. This one-sided tilt plainly meets the exceptional circumstances to justify the transfer of a case pursuant to the *forum non conveniens* doctrine."

¶ 6        The trial court then ordered that "[t]his matter is transferred to the Eighteenth Judicial Circuit in Du Page County" and that "defendants shall pay all the costs for the transfer." On December 30, 2021, plaintiff filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020) (authorizing permissive interlocutory appeals from denials of *forum non conveniens* motions), which this court granted on February 1, 2022. After various motions for extensions of time, briefing was completed. The appeal is now ready for our consideration.

¶ 7                                    II. ANALYSIS

¶ 8          With a *forum non conveniens* motion, the issue for an appellate court is not what we would have done in the first instance. *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009). The sole issue for us is whether the trial court abused its discretion in its ruling. See *Langenhorst*, 219 Ill. 2d at 441-42. An abuse of discretion occurs when no reasonable person could take the view that the trial court took, and we cannot find that here. *Langenhorst*, 219 Ill. 2d at 442.

¶ 9          As we explain in more detail below, in a case where most of the factors either favor transfer or are neutral, we cannot find that the trial court abused its discretion in granting defendants' motion.

¶ 10                              A. Standard of Review

¶ 11          "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst*, 219 Ill. 2d at 441 (citing *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). "This doctrine allows a trial court to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson*, 144 Ill. 2d at 310). "*Forum non conveniens* is applicable when the choice is between interstate forums as well as when the choice is between intrastate forums," such as in the case at bar. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009).

¶ 12          The discretion afforded a trial court in ruling on a *forum non conveniens* motion is "considerable." *Langenhorst*, 219 Ill. 2d at 441. As a result, "[w]e will reverse the circuit court's decision only if defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy v. Union Pacific*

*R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003)). "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy*, 207 Ill. 2d at 177); *Glass*, 393 Ill. App. 3d at 832.

¶ 13        "The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would." *Vivas*, 392 Ill. App. 3d at 657; see also *Hefner v. Owens-Corning Fiberglas Corp.*, 276 Ill. App. 3d 1099, 1103 (1995) ("the question on review is not whether the appellate court agrees with the circuit court's denial of a *forum non conveniens* motion, but whether the circuit court 'acted arbitrarily, without employing conscientious judgment *** [and] exceeded the bounds of reason' " (quoting *Mowen v. Illinois Valley Supply Co.*, 257 Ill. App. 3d 712, 714 (1994))). In addition, "we may affirm a trial court's *forum non conveniens* order on any basis found in the record." *Ruch v. Padgett*, 2015 IL App (1st) 142972, ¶ 40.

¶ 14        When reviewing the trial court's decision, we must also keep in mind that the burden is always on the movant to show that the relevant factors strongly favor a transfer. *Koss Corp. v. Sachdeva*, 2012 IL App (1st) 120379, ¶ 106 (the burden is on the movant to show a transfer is strongly favored); *Erwin v. Motorola, Inc.*, 408 Ill. App. 3d 261, 275 (2011); *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 833 (2006). In the case at bar, the trial court was clearly aware of the high burden on the movant when it found that this case exhibited the "exceptional circumstances" needed to justify transfer.

¶ 15                                B. Plaintiffs' Choice of Forum

¶ 16        "Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum." *Vivas*, 392 Ill. App. 3d at 657 (citing *Langenhorst*, 219

Ill. 2d at 448 (the supreme court determined the appropriate amount of deference before weighing the relevant factors)).

¶ 17      It is " 'assumed on a *forum non conveniens* motion that the plaintiff's chosen forum is a proper venue for the action.' " *Lagenhorst*, 219 Ill. 2d at 448 (quoting *Dawdy*, 207 Ill. 2d at 182). "Plaintiff's choice of forum is entitled to substantial deference." *Lagenhorst*, 219 Ill. 2d at 448; *First American Bank v. Guerine*, 198 Ill. 2d 511, 521 (2002) ("the battle over forum begins with the plaintiff's choice already in the lead"). However, when neither the plaintiffs' residence nor the site of the injury is located in the chosen forum, the plaintiff's choice is "entitled to *somewhat* less deference." (Emphasis in original.) *Langenhorst*, 219 Ill. 2d at 448; *Guerine*, 198 Ill. 2d at 517. While " 'the deference to be accorded to a plaintiff regarding his choice of forum is less when the plaintiff chooses a forum other than where he resides *** nonetheless the deference to be accorded is only *less*, as opposed to *none*.' " (Emphases in original and internal quotation marks omitted.) *Langenhorst*, 219 Ill. 2d at 448 (quoting *Guerine*, 198 Ill. 2d at 518). Thus, in the case at bar, the trial court did not abuse its discretion in finding that plaintiff's choice of Cook County was entitled to less deference.

¶ 18                          C. Private Interest Factors

¶ 19      When a court considers a *forum non conveniens* motion, the Illinois Supreme Court found that it must consider both "the private and public interest factors." *Langenhorst*, 219 Ill. 2d at 443; *Dawdy*, 207 Ill. 2d at 172-73; see also *Vivas*, 392 Ill. App. 3d at 658. "[N]o single factor is controlling." *Erwin*, 408 Ill. App. 3d at 274 (citing *Langenhorst*, 219 Ill. 2d at 443).

¶ 20      First, we consider the private interest factors, which are " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and

6

inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 21                                     1. Convenience to the Parties

¶ 22        As discussed below, we cannot find that the trial court abused its discretion by concluding that convenience to the parties favored transfer.

¶ 23        With respect to this factor, "the defendant must show that the plaintiff's chosen forum is inconvenient to the *defendant*." (Emphasis added.) *Langenhorst*, 219 Ill. 2d at 450; *Vivas*, 392 Ill. App. 3d at 658. In other words, "one party cannot argue the other party's convenience." *Ruch*, 2015 IL App (1st) 142972, ¶ 51; *Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789, ¶ 27.

¶ 24        In this suit, plaintiff named a total of 16 defendants: 10 individuals, plus 6 medical groups or hospitals. Of the 10 individuals named as defendants, all are doctors. Seven of the doctors submitted affidavits averring that a trial in Cook County would be significantly inconvenient for them and that a trial in Du Page County would be significantly more convenient. All seven averred that they treated the decedent in Du Page County. Five averred that they are residents of Du Page County, while two are residents of Cook County, living in LaGrange and Glenview. A corporate representative of defendants Adventist Health Partners, Inc., AMITA Health Medical Group, and Hinsdale Hospital submitted an affidavit averring that, although she lives in Cook County, a trial in Du Page County would be significantly more convenient for her because that is where she works. The facts asserted in the affidavits were uncontroverted and, thus, assumed to be true. *Barrett v. FA Group, LLC*, 2017 IL App (1st) 170168, ¶ 32 (when facts are established by affidavit and are uncontradicted by opposing affidavit, those facts are assumed to be true).

¶ 25         Although plaintiff's chosen forum is presumed to be convenient for her, we are not required to overlook the fact that she lives in Du Page County, as did the decedent when the events at issue transpired.

¶ 26         Plaintiff argues that two doctors who submitted affidavits actually live in Cook County. However, they still averred that Du Page County was significantly more convenient, and we cannot find that the trial court acted unreasonably in relying on their affidavits. *Vivas*, 392 Ill. App. 3d at 657. Plaintiff argued that Dr. Sloan, for example, lived and did some work in Cook County. However, Dr. Sloan averred that all of the interactions that he had with the deceased occurred at Hinsdale Hospital in Du Page County, that a significant amount of his work occurs at Hinsdale Hospital, that he planned on attending trial every day and working in the mornings and evenings before and after trial, and that seeing patients before and after trial would be difficult due to the time and expense associated with traveling from Hinsdale Hospital to the Cook County courthouse in Chicago. As for Dr. Bawamia, plaintiff argued that he also lived and did some work in Cook County. Like Dr. Sloan, Dr. Bawamia averred that all of the interactions he had with the deceased occurred at Hinsdale Hospital in Du Page County, that a significant amount of his work is done in the western suburbs, that he planned on attending trial daily, and that it would be difficult to see patients before and after trial if it were held at the Cook County courthouse in Chicago. As stated above, we cannot find that the trial court acted unreasonably by relying on these affidavits, given their averments regarding their intent to attend trial daily and the negative impact that would have on their ability to continue working.

¶ 27 Plaintiff notes that, of the three doctors who did not submit affidavits, two live in Cook County. However, the two doctors, who both live in Cook County and did not submit affidavits, are in the minority.

¶ 28 In light of the affidavits from a majority of the individual defendants averring that Cook County is a significantly less convenient forum for them, and plaintiff's residence in the transferee forum, we cannot find that the trial court abused its discretion by finding that the convenience of the parties favored transfer to Du Page County.

¶ 29                              2. Ease of Access to Evidence

¶ 30 The next factor is the relative ease of access to sources of testimonial, documentary, and real evidence. *Langenhorst*, 219 Ill. 2d at 443 (citing *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658. Since this is a malpractice case and most of the treatment at issue occurred in Du Page County, the trial court found that this factor favored transfer.

¶ 31 First, we consider the testimonial evidence. Plaintiff argued below that defendants failed to provide affidavits from the deceased's nonparty treating doctors. However, as the trial court noted, defendants are barred from contacting the deceased's treating doctors by the *Petrillo* doctrine. *Petrillo v. Syntex Laboratories, Inc.*, 148 Ill. App. 3d 581, 587-88 (1986) (prohibiting defendants and their attorneys from engaging in *ex parte* discussions with a plaintiff's treating physicians). Accord *Kujawa v. Hopkins*, 2019 IL App (5th) 180568, ¶ 10 n.1; *McChristian v. Brink*, 2016 IL App (1st) 152674, ¶ 13 ("*ex parte* communications are barred between plaintiff's treating doctor and defense counsel, in order to preserve the patient's trust and confidence in her doctor, as well as to honor the doctor's duty as a fiduciary to refrain from helping the patient's legal adversary"). Relying on *Petrillo*, the trial court found that

defendants' non-production of these affidavits was no surprise. In addition, the trial court found the fact that plaintiff "did not provide affidavits from [decedent's] non-party treaters only means that this court cannot determine whether a trial in Du Page or Cook County would be more convenient to any of them."

¶ 32     In her appellate reply brief, plaintiff argued that a number of the nonparty treating doctors live in Cook County and, "presumably," their home forum is more convenient for them. This presumption overlooks the fact that the decedent's treatment was primarily in Du Page County. Plaintiff argued, without a citation, that defendants contact treating physicians all the time and that the trial court "abused its discretion by taking Defendants' *Petrillo* argument as God's honest truth." First, arguments should not be raised for the first time in a reply brief. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("[p]oints not argued" in the appellant's initial brief "are forfeited and shall not be raised in the reply brief"). Although the trial court relied on the *Petrillo* case as part of the basis for its order, the case is not mentioned in plaintiff's initial appellate brief. Second, this court is entitled to have legal arguments supported by citation. *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008) (this court has repeatedly held that a party waives a point by failing to provide citation to relevant authority); Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities"). Even a cursory computer search reveals that the *Petrillo* doctrine is alive and well in this jurisdiction. In sum, we are not persuaded by plaintiff's arguments that the trial court's finding on this factor was an abuse of discretion.

¶ 33     Next, we consider the location of real and documentary evidence. The trial court found this to be an insignificant factor, since materials may be easily "physically or electronically transferred between the two counties" and no party disputes this finding on appeal. See also

10

*Vivas*, 392 Ill. App. 3d at 659 ("the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of e-mail, Internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent").

¶ 34　　In sum, with respect to the relative ease of access to proof, we cannot find that the trial court's reasoning was a view which no reasonable person would take. *Vivas*, 392 Ill. App. 3d at 657.

¶ 35　　　　　　　　　　　3. Other Practical Problems

¶ 36　　The last private interest factor is a consideration of " 'all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658. The trial court broke this factor down further into (1) the availability of compulsory process for unwilling witnesses, (2) the ability to view the premises, (3) the cost of obtaining attendance of willing witnesses, and (4) the location of the parties' attorneys. The trial court found that all four of these factors were neutral, and we cannot find an abuse of discretion in this finding.

¶ 37　　First, the trial court found that there was no need for compulsory process for unwilling witnesses, since "[a] judge in either Cook or Du Page County would have equal authority to subpoena unwilling witnesses." Neither party disputes this finding, and plaintiff specifically conceded in her appellate court that the trial court "correctly" made this finding. Second, plaintiff agreed with the trial court's finding that the ability to view the premises was a neutral factor.

11

¶ 38    Third, plaintiff argued, in one of the headings in her appellate brief, that "[t]he trial court abused its discretion when it found that the cost to obtain the presence of willing witnesses was greater in Cook County." However, the trial court made no such finding. The trial court specifically found that this factor was "neutral." Later, in the body of her brief, plaintiff argued that "[t]he trial court's determination that this factor is neutral ignores the fact that Defendants did not name any witnesses." Plaintiff argued further that the presence of her named non-party witnesses in Cook County establishes that costs there would be cheaper. But the trial court considered this argument and found that plaintiff had failed to provide any factual support for this assertion. Plaintiff acknowledged that "[t]he short distance" between the two counties "makes it unlikely that trial would be *** more costly in Cook County." We agree and, thus, cannot find that the trial court abused its discretion by finding this factor neutral.

¶ 39    Fourth, with respect to the location of attorneys, plaintiff argues: "All parties have retained counsel in Cook County. It would present a hardship to travel to Wheaton for court and trial." Although attorney location may be considered, our supreme court has cautioned "that the location of the parties' attorneys is accorded little weight in determining a *forum non conveniens* motion." *Langenhorst*, 219 Ill. 2d at 450 (affirming the denial of a motion to transfer). This is particularly true where the transfer at issue is an intrastate transfer between adjoining counties, as it was in *Lagenhorst* and as it is here.

¶ 40    In sum, we cannot find that the trial court abused its discretion in finding that the consideration of practical problems was a "neutral" factor. As plaintiff stated in her brief to this court, "Cook County and Du Page County are adjacent: the proximity, and the many roads and trains between, reduce any practical problems."

¶ 41                                D. Public Interest Factors

¶ 42        When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17); *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 170 (2005); *Dawdy*, 207 Ill. 2d at 173; see also *Vivas*, 392 Ill. App. 3d at 660.

¶ 43        First, we consider the respective forums' interests in deciding these controversies and the fairness of imposing jury duty on the forums' residents. In *Langenhorst*, our supreme court affirmed a trial court's decision not to transfer a case from St. Clair County to Clinton County, which was the scene of the railway accident at issue. *Langenhorst*, 219 Ill. 2d at 451, 454. In considering the respective forums' interest, the court observed that St. Clair County had as much interest in the controversy as Clinton County because "this same railway line" involved in the accident "bisects all of St. Clair County." *Langenhorst*, 219 Ill. 2d at 451. In *Malloy v. DuPage Gynecology, S.C.*, 2021 IL App (1st) 192102, ¶ 70, this court found that what was true in *Langenhorst* was "equally true here, where the product at issue is regularly prescribed and distributed throughout Cook County." See *Vivas*, 392 Ill. App. 3d at 661 (Illinois residents had an interest in resolving defective products claims against a defendant corporation, particularly when that corporation was headquartered here). However, this case does not concern a train hurtling through two counties or a defective product used extensively in both counties. This case concerns medical services occurring primarily in Du Page County, for a Du Page County resident. While the defendant doctors may work in both counties and while patients from Cook

13

County may also be treated in Du Page County, that does not change the fact that the deceased was released from, and shortly thereafter pronounced dead in, a brick-and-mortar structure located only in Du Page County. Given the residence of the deceased, the circumstances of his death, and the location of his medical treatment, we cannot find that the trial court abused its discretion by finding that these locality factors strongly favored transfer.

¶ 44   Lastly, we must consider "the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17). The trial court found "that Cook County has the ability to dispose of cases faster" and, thus, it found that this was the lone factor favoring Cook County, However, as plaintiff conceded in her brief, court congestion is a relatively minor factor. See, *e.g.*, *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 503 (1986) ("Courts should be extremely reluctant to dismiss a case from the *forum rei gestae* merely because the forum's docket has a backlog ***.").

¶ 45   Plaintiff argues that in the case of *Evans v. Patel*, 2020 IL App (1st) 200528, ¶¶ 51, 62, this court affirmed the denial of a motion to transfer a case out of Cook County, despite the fact that the alleged medical malpractice did not occur there. While there are a number of differences between that case and ours, key among them is the fact that, in that case, the abuse-of-discretion standard worked in favor of denying the motion, whereas in our case it works in favor of granting it. While the cases are, in some ways, factually dissimilar, in both cases, we, the appellate court, affirmed the lower court. In *Evans*, we emphasized that it is "conceivable that, on these facts, a different conclusion could be reached." *Evans*, 2020 IL App (1st) 200528, ¶ 60. However, we stressed that "our duty is not to reweigh the private and public factors, but to determine whether the trial court abused its discretion." *Evans*, 2020 IL App (1st) 200528,

¶ 60. This, we could not find, so we affirmed in both *Evans* and must do the same in the case at bar.

¶ 46    For all the foregoing reasons, we cannot find that the trial court abused its discretion in finding that the public and private factors did not require dismissal. We find that the trial court considered all the relevant private and public interest factors and did not abuse its discretion when it granted defendants' motion to transfer based on *forum non conveniens*.

¶ 47                                III. CONCLUSION

¶ 48    After carefully considering and weighing every factor in the *forum non conveniens* doctrine, the trial court found only one factor favoring Cook County. The trial court concluded that "Du Page County residents" simply had "a far greater interest in a case involving the practice of medicine on a Du Page County resident by physicians practicing in Du Page County." After examining the trial court's analysis on every factor, we cannot find that it abused its discretion in reaching this conclusion. Thus, we affirm the trial court's order granting defendants' *forum non conveniens* motion to transfer this case to the Eighteenth Judicial Circuit in Du Page County.

¶ 49    Affirmed.

---

*Meier v. Ryan*, 2023 IL App (1st) 211674

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-L-5020; the Hon. John H. Ehrlich, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Patricia E. Raymond, Clark M. Raymond, Robert L. Raymond, and Timothy R. Borchardt, of Raymond & Raymond, Ltd., of Schaumburg, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Aiju C. Thevatheril, Catherine Basque Weiler, and Kristine M. Reveille, of Swanson, Martin & Bell, LLP, of Chicago, for appellees Melissa M. Kelly, Stephen M. Sloan, Ali Bawamia, and Advance Inpatient Medicine, LLC. |
| | Steven C. Steinback and Jason D. Gluskin, of Barker, Castro & Steinback, LLC, of Chicago, for appellees Adventist Health Partners, Inc., Alexian Brothers AHS Midwest Region Health Company, Adventist Midwest Health, Paul D. Ryan, Barry J. Sidorow, Paul A. Freier, and John C. Conroy. |
| | No brief filed for other appellees. |