# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Taylor v. Lemans Corp.*, 2013 IL App (1st) 130033

---

| | |
|---|---|
| Appellate Court Caption | JACK TAYLOR, Plaintiff-Appellee, v. LEMANS CORPORATION, a Foreign Corporation, MOOSE RACING, a Foreign Corporation, PARTS UNLIMITED, a Foreign Corporation, and GIBBS MOTOR CORPORATION, an Illinois Corporation, Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-13-0033 |
| Filed | October 15, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court upheld the denial of defendants' motion to transfer the venue of plaintiff's product liability action for the injuries he suffered when the front tire on his motocross-style bike blew out upon landing after executing a jump, since the trial court did not abuse its discretion in finding that defendants did not establish that Cook County, the venue chosen by plaintiff, was inconvenient to them and that Bureau County, the scene of the accident, was more convenient to the parties. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2012-L-6987; the Hon. Moira S. Johnson, Judge, presiding. |
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | Lewis Brisbois Bisgaard & Smith LLP, of Chicago (Ronald W. Payne, of counsel), for appellants. |
| | Kralovec, Jambois & Schwartz, of Chicago (Jeffrey C. Schwartz, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Quinn and Justice Simon concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendants Lemans Corporation, Moose Racing, Parts Unlimited, and Gibbs Motor Corporation (collectively defendants) appeal from the order of the circuit court denying their motion to transfer plaintiff Jack Taylor's product liability complaint to another county on the grounds of *forum non conveniens*. On appeal, defendants contend the trial court erred in denying their motion to transfer where (1) it gave undue deference to Taylor's choice of forum; and (2) it incorrectly required defendants to show that each factor considered in the balancing test used to determine *forum non conveniens* strongly favored a transfer. For the foregoing reasons, we affirm.

¶ 2                          JURISDICTION

¶ 3    The trial court's denial of a motion to transfer pursuant to the doctrine of *forum non conveniens* is the basis for an interlocutory appeal under Illinois Supreme Court Rule 306(a)(2) (eff. Feb. 16, 2011). The trial court denied the motion to transfer on December 7, 2012. Defendants filed their petition for leave to appeal on January 4, 2013. Accordingly, this court has jurisdiction pursuant to Rule 306(a)(2) and 306(c)(1) governing interlocutory appeals by permission. Ill. S. Ct. R. 306(a)(2), (c)(1) (eff. Feb. 16, 2011).

¶ 4                          BACKGROUND

¶ 5    Taylor is a resident of Lewiston, Illinois, in Fulton County. He owned a motocross-style bike that he purchased in Iowa. On July 9, 2009, in East Peoria, Illinois, he purchased an aluminum rim tire with compliant spokes for the bike. On July 11, 2010, Taylor took his bike to the Sunset Ridge MX MotoCross course (Sunset Ridge) located in Walton, Illinois, in Bureau County. While riding the bike, Taylor performed a jump and upon landing the front tire blew out causing him to fall and suffer an injury. Taylor was taken to a nearby hospital in Princeton, Illinois, in Bureau County, for immediate treatment but the majority of his

treatment and care took place in Peoria, Illinois, in Peoria County, with Dr. Piero Capecci of Great Plains Orthopedic. The bike is now located in Du Page County, Illinois.

¶ 6     Nick Spierowki of Farmington, Illinois, and Evan Palmer of Lewiston, Illinois, witnessed the accident. Both cities are located in Fulton County. Josh Pistal of Walnut, Illinois, also witnessed the accident. Walnut is located in Bureau County. Taylor's treating physician immediately after the accident was Dr. Gregg Davis, who practiced at Perry Memorial Hospital in Princeton, Illinois. Princeton is also located in Bureau County.

¶ 7     On June 21, 2012, Taylor filed a defective product complaint in Cook County against defendants alleging strict liability, negligence, and breach of implied warranties. Defendants Lemans Corporation, Moose Racing, and Parts Unlimited are Wisconsin corporations with their principal place of business in Janesville, Wisconsin. Defendant Gibbs Motor Corporation is an Illinois corporation with its principal place of business in Rock Falls, Whiteside County, Illinois.

¶ 8     Defendants filed a motion to transfer venue pursuant to Illinois Supreme Court Rule 187 (Ill. S. Ct. R. 187 (eff. Jan. 4, 2013)), on the basis of *forum non conveniens*. The motion requested a transfer to Bureau County, Illinois. Defendants argued that Bureau County was a more appropriate forum because the accident occurred there and an inspection of the premises would be easier if the case was tried in that county. Also, Taylor was treated by medical personnel and taken to a hospital in Princeton, the Bureau County seat. The expected medical witnesses reside in either Bureau or Peoria County. Bureau County is also more convenient for the eyewitnesses, all of whom reside in either Fulton or Bureau County. Furthermore, the residents of Bureau County have a greater interest in, and should bear the costs and responsibilities of, a trial involving an accident that occurred on a motorbike course located in Bureau County. In addition, defendants argued that Bureau County's court docket is substantially less congested than Cook County's docket.

¶ 9     In response, Taylor argued that Cook County was more convenient for defendants and all parties had retained counsel from Cook County. Although Bureau County is a more convenient location for the medical witnesses, access to the medical evidence was easily available regardless of the location of the evidence. Taylor also argued that the site of the accident holds less significance in this case because he is alleging product liability and breach of warranty claims, making a site visit to the motorbike course unnecessary. Furthermore, the accident took place in 2010 and "it is highly unlikely that the dirt course at Sunset Ridge MX is in the same condition [now] as it was at the time of the accident." Moreover, since he is alleging product liability and breach of warranty, placing the burden and costs of a trial on Cook County residents was fair since they have a general interest in resolving a claim involving an allegedly defective product that can be purchased in at least 18 locations throughout Cook County. Taylor also argued that court congestion "is a relatively insignificant factor" and the record does not show that Bureau County would resolve the case more quickly than Cook County.

¶ 10    On December 7, 2012, the trial court denied the motion. The trial court issued a thorough 10-page order in which it acknowledged that deference is given to the plaintiff's choice of forum and therefore if defendants seek a transfer pursuant to the doctrine of *forum non*

*conveniens*, they must show that relevant private and public interest factors strongly favor their choice of forum.

¶ 11    In evaluating the private interest factors, the trial court noted that Cook County is not Taylor's place of residence, nor is it the location of the accident. It determined that although Taylor's choice of forum will be given less deference as a result, the court will still accord deference to his choice. The trial court also determined that defendants failed to show that Taylor's chosen forum is inconvenient to defendants and another forum is more convenient to all parties. None of the parties are located in defendants' chosen County of Bureau whereas the Wisconsin defendants are approximately the same distance from Cook County (110 miles) as from Bureau County (113 miles). Defendant Gibbs, however, is located only 56.6 miles from the Bureau County courthouse but almost 132 miles from the Richard J. Daley Center in Cook County. The witnesses are scattered among various counties, and defendants did not present affidavits from any witnesses stating that Taylor's chosen forum is inconvenient. The court also noted that Taylor's bike is stored in Du Page County, which is next to Cook County. The trial court also found that since the claim is one of product liability and breach of warranties, a site visit was unnecessary and therefore the location of the accident site held less significance.

¶ 12    The trial court then analyzed the public interest factors. It found that the interest in deciding a controversy locally and the imposition of the expenses of trial did not "weigh strongly in favor of a transfer." Although the accident occurred in Bureau County, the trial court reasoned that Taylor's complaint is one of product liability and "the site of an accident caused by the allegedly defective product is less important because any local interest is largely supplanted by a more general interest in resolving a claim concerning an allegedly defective product and jury views of the accident site are generally unnecessary." The trial court also noted that Moose Racing and Parts Unlimited had "many dealer locations within Cook County" and no dealer locations in Bureau County, although it acknowledged that where defendants merely conduct business does not necessarily affect the *forum non conveniens* issue. The trial court found that the court docket in each county also did not justify a transfer. In 2011, for cases with verdicts over $50,000, Cook County received 426 cases that took 35.1 months to reach a verdict. In comparison, Bureau County received only one case but it took 20.7 months to reach a verdict. Since the factors, as a whole, did not strongly favor a transfer, the trial court determined that Taylor's choice of forum would prevail and denied defendants' motion to transfer. Defendants filed this timely appeal.

¶ 13                                    ANALYSIS

¶ 14    *Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness that allows a trial court to decline jurisdiction when another forum " 'would better serve the ends of justice.' " *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006) (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). The trial court, however, should exercise its authority "*only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum." (Emphasis in original.) *Id.* at 442. Furthermore, the doctrine recognizes that the plaintiff has a substantial interest in choosing a forum to

vindicate his rights. *First American Bank v. Guerine*, 198 Ill. 2d 511, 517 (2002). The trial court has broad discretion to determine a motion based on *forum non conveniens* and a reviewing court will not overturn the trial court's determination absent an abuse of discretion. *Lagenhorst*, 219 Ill. 2d at 442. The trial court abuses its discretion when no reasonable person would take the view adopted by the trial court. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

¶ 15     When a defendant challenges plaintiff's choice of forum, the trial court conducts an unequal balancing test to determine whether plaintiff's chosen forum prevails. Due to the deference accorded plaintiff's choice of forum, in most cases his choice will prevail unless inconvenience factors associated with the chosen forum "greatly outweigh" plaintiff's substantial right to choose where to try his case. *Guerine*, 198 Ill. 2d at 520. The trial court considers both private and public interest factors in making its determination. "[P]rivate interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* at 516. "Public interest factors include (1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44.

¶ 16     In conducting its analysis, the trial court does not emphasize any single factor nor does it weigh the private interest factors against the public interest factors; rather, it evaluates the total circumstances of the case. *Id.* The defendant bears the burden of showing that the relevant private and public interest factors "strongly favor" defendant's choice of forum. *Id.* at 444. In other words, the defendant must show that plaintiff's chosen forum is inconvenient to defendant and that another forum is convenient to both parties. *Id.* The defendant, however, cannot argue that plaintiff's chosen forum is inconvenient to plaintiff. *Guerine*, 198 Ill. 2d at 518. "Unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed." *Dawdy*, 207 Ill. 2d at 173.

¶ 17     Before addressing the merits of this appeal, we note that defendants did not provide transcripts of the hearing on their motion to transfer or an appropriate alternative pursuant to Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005). As the appellant, defendants bear the burden of presenting a sufficiently complete record of the proceedings below to support their claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Therefore, we presume that the trial court had sufficient factual basis for its holding and its determination conforms with the law. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005). Furthermore, we resolve any doubt associated with the incomplete record against defendants. *Foutch*, 99 Ill. 2d at 392.

¶ 18     Defendants generally complain that in making its determination, the trial court "accorded substantially more than the minimal deference" it should have given to Taylor's forum choice. Although Taylor's decision to file in Cook County is given less deference because he is neither a resident of Cook County nor did the accident occur in Cook County, the deference accorded is only less as opposed to none. *Guerine*, 198 Ill. 2d at 518. The test used to resolve *forum non conveniens* issues is an unequal balancing test whereby the plaintiff's

-5-

choice of forum is "already in the lead" and intrastate transfer is proper only when the case has no practical connection to, or no nexus with, the chosen forum. *Id.* at 521. In its order the trial court stated that it would grant less deference to Taylor's choice, but that his choice only commanded less deference as opposed to none. In reviewing the basis for its ruling in the order, we cannot say that the trial court accorded undue deference to Taylor's forum choice when it applied the unequal balancing test. Therefore, we turn to the issue of whether the trial court abused its discretion in denying defendants' motion to transfer.

¶ 19    The trial court first considered the private interest factors. Regarding the convenience of the parties, none of the parties reside in Cook County or Bureau County, the defendants' chosen forum. Also, the distance of each county's courthouse is approximately the same for the Janesville, Wisconsin, defendants, although the trial court acknowledged that defendant "Gibbs Motor Corporation is located only 56.6 miles from the Bureau County Courthouse but nearly 132 miles from the Richard J. Daley Center." However, defendants did not obtain an affidavit from Gibbs stating that Cook County would be inconvenient.

¶ 20    Regarding the relative ease of access to sources of testimonial, documentary, and real evidence, the medical witnesses are located in Peoria and Bureau Counties, and the occurrence witnesses reside in Fulton and Bureau Counties. None of the witnesses reside in Cook County. However, defendants did not obtain affidavits from any witnesses stating that Cook County would be inconvenient. *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 890 (2008). Defendants must show that Taylor's chosen forum is inconvenient to them and that another forum is more convenient to all parties. *Guerine*, 198 Ill. 2d at 518. Furthermore, where witnesses are scattered among various counties and the litigation has ties to more than one forum, the trial court does not abuse its discretion in denying a motion to transfer based on *forum non conveniens*. *Ammerman*, 379 Ill. App. 3d at 885.

¶ 21    In addition, defendants here have not argued any practical problems or impediments to accessing documentary or testimonial evidence. Witness testimony could be obtained through deposition, and computer technology and Internet access render the location of documentary evidence a less significant convenience consideration. *Ammerman*, 379 Ill. App. 3d at 890. Furthermore, the parties have retained counsel based in Cook County. Although the location of the attorneys carries little weight in the analysis, "it may nonetheless be considered." *Id.* at 890-91. Also relevant but not determinative in itself, Taylor's bike is located in Du Page County, which is adjacent to Cook County. Defendants have not shown that the private interest factors strongly favor a transfer to Bureau County.

¶ 22    Public interest factors to consider include the interest in deciding controversies locally, and the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation. Residents generally have a greater interest in deciding controversies involving accidents that occur in their county. *Dawdy*, 207 Ill. 2d at 183. Also, the possibility that the trial court may find a jury visit to the site of the accident appropriate is an important consideration. *Id.* at 178-79. As the location of the accident, Bureau County appears to prevail when we look at these factors.

¶ 23    However, we must note that Taylor's complaint against defendants centers on product liability claims including negligence in the manufacture and design of a product, failure to

warn consumers of the faulty product, strict liability, and breach of implied warranties. Where the primary issue is one of product liability, the location of the accident is less significant "because any local interest is largely supplanted by a more general interest in resolving a claim concerning an allegedly defective product." *Ammerman*, 379 Ill. App. 3d at 886. Also, since a jury visit to the accident site is generally unnecessary, the significance of this factor is diminished in product liability claims. *Hinshaw v. Coachmen Industries, Inc.*, 319 Ill. App. 3d 269, 277 (2001). See also *Brown v. Cottrell, Inc.*, 374 Ill. App. 3d 525, 534 (2007) (finding that a jury view of the accident site was unnecessary because product liability claims "are not inherently local in flavor"). Although not determinative by itself, the fact that defendant Moose Racing has 18 dealers and Parts Unlimited has 12 dealers located in Cook County, and no dealer locations in Bureau County, is relevant. As this court reasoned in *Ammerman*, "Cook County certainly has an interest in resolving a controversy concerning the sale of an allegedly defective product by companies conducting business in its forum." *Ammerman*, 379 Ill. App. 3d at 892; *Hinshaw*, 319 Ill. App. 3d at 278.

¶ 24    The final public interest factor to consider is court congestion. The number of cases on the court docket in Cook County is obviously greater than that of Bureau County, but not necessarily congested. However, this factor alone "is not sufficient to justify transfer of venue when none of the other relevant factors weigh strongly in favor of transfer." *Dawdy*, 207 Ill. 2d at 181.

¶ 25    Balancing the private and public interest factors and evaluating the totality of the circumstances, the trial court concluded that defendants have not sufficiently shown that Cook County is inconvenient to them and that Bureau County is more convenient to all parties. We find that the trial court did not abuse its discretion in denying defendants' motion to transfer venue.

¶ 26    Defendants disagree, arguing first that the trial court erred in applying the unequal balancing test when it required defendants to prove that each relevant private and public interest factor strongly weighs in their favor. As support, defendants point to the trial court's order in which it stated that defendants "failed to meet their burden in showing this factor strongly favors" transfer, and "failed to show that the first two [public] factors strongly weigh in favor of transfer to Bureau County." In reviewing the order, however, it appears that the trial court was merely evaluating the strength of each factor and whether a particular factor weighed strongly in favor of transfer. There is no indication the trial court improperly weighed the factors in conducting its final analysis. Instead, throughout its order, it emphasized that it must "evaluate the totality of the circumstances in determining whether the balance of factors strongly favors transfer." We again note that defendants did not include transcripts of the hearing on their motion to transfer or an appropriate alternative. We therefore presume that the trial court had sufficient factual basis for its holding and its determination conforms with the law. *Mervis Industries*, 217 Ill. 2d at 157. We also resolve any doubt associated with the incomplete record against defendants. *Foutch*, 99 Ill. 2d at 392.

¶ 27    Defendants contend that the trial court should have given more weight to the fact that the accident occurred in Bureau County and numerous witnesses reside nearer to Bureau County while none reside in Cook County, Taylor's medical care took place in or near Bureau County, and defendant Gibbs Motor Corporation resides closer to Bureau County than to

Cook County. The trial court has broad discretion in determining a motion to transfer based on *forum non conveniens*, and it is not the function of a reviewing court to substitute its judgment for that of the trial court. *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 70 (1998). Our only function is to determine whether the trial court abused its discretion. *Id.* As stated above, defendants have not obtained any affidavits from witnesses stating that Cook County would be an inconvenient forum. See *Ammerman*, 379 Ill. App. 3d at 890. Location of documents associated with medical witnesses is less significant due to the technology available today. *Id.* Also, the underlying action is centered on a product liability claim and all of the defendants except for Gibbs Motor Corporation have a presence in Cook County and sell their products there. The record contains no affidavit from Gibbs Motor Corporation stating that Cook County would be inconvenient. The trial court did not abuse its discretion in finding that the balance of relevant factors, when viewing the totality of the circumstances, does not strongly favor transfer of venue to Bureau County.

¶ 28   Defendants also argue that although Taylor's claim frames this case as one of product liability, making the necessity of viewing the site of the accident less of a concern, the jury viewing factor will have more significance here. Defendants contend that they plan to file affirmative defenses and a third-party complaint alleging that the dangers of the Sunset Ridge course itself caused Taylor's injuries. At this point, however, defendants have not filed any pleadings adding Sunset Ridge as a defendant. Also, as Taylor points out, defendants have raised this issue for the first time on appeal. Issues not raised before the trial court may not be raised for the first time on appeal, and are deemed waived by a reviewing court. *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996).

¶ 29   For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 30   Affirmed.